UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FRANKLIN McNEES, JR.,

      Plaintiff,

v.

RICKEY COLEMAN,
SUSAN B. McCAULEY,
LAURA BROWN, and
ALICIA SULLIVAN,

      Defendants.

_____/

Case No. 2:24-cv-10209
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

## ORDER REGARDING NOTICE OF STAY (ECF No. 22) AND DECLINING TO STAY CASE

### I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff David Franklin McNees (McNees), proceeding *pro se*, has filed a complaint naming Dr. Rickey Coleman (Coleman); health unit manager Susan B. McCauley (McCauley); nurse practitioner Laura Brown (Brown); and nurse practitioner Alicia Sullivan (Sullivan) as defendants. (ECF No. 1). McNees alleges that defendants were deliberately indifferent to his knee pain while at Saginaw Regional Facility, where he is currently incarcerated, in violation of his constitutional rights. (*Id*.,

1

PageID.7).  All pretrial matters have been referred to the undersigned.  (ECF No. 8).

On November 18, 2024, defendants filed a "Notice of Stay" (ECF No. 22), the purpose of which is to inform the Court that Wellpath—the company that employs Coleman, McCauley, and Brown—has filed a voluntary bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas.  McNees has filed an objection to the entry of any stay, noting that Wellpath is not a defendant in this case.  (ECF No. 23).

## II.    Background

Attached to defendants' filing is an order from the bankruptcy court regarding enforcement of the automatic stay.  (ECF No. 22-1).  In other cases, the Court has been provided with an order from the bankruptcy court titled "Amended Interim Order Enforcing the Automatic Stay."  (*See, e.g.*, No. 2:23-cv-10568, ECF No. 47-2).

In relevant part, the original order states that it is "extending the (i) automatic stay under section 362 of the Bankruptcy Code[.]"  (ECF No. 22-1, PageID.181).  The amended order states: "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code."  (No. 2:23-cv-10568, ECF

2

No. 47-2, PageID.860).  For the reasons explained below, the Court finds that
neither order requires a stay of proceedings in this case.

### III.    Discussion

The district court has "jurisdiction concurrent with the originating
bankruptcy court to determine the applicability of the bankruptcy court's automatic
stay." *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL
1243424, at *2 (N.D. Ohio Mar. 9, 2018).  The Sixth Circuit itself has addressed
the issue of whether a bankruptcy court can stay proceedings against non-debtor
defendants under 11 U.S.C. § 362, finding that it cannot.  *Patton v. Beardon*, 8
F.3d 343 (6th Cir. 1993).  The *Patton* court acknowledged that "[c]learly, section
362(a)(1) stays any actions against the *debtor*."  *Id.* at 349 (emphasis in original).
In other words,

> [a]t the commencement of a case, a stay arises by operation of law
> pursuant to 11 U.S.C. § 362(a).  Its effect is to impose a wide-ranging
> prohibition on all activity outside the bankruptcy forum to collect
> prepetition debts from the debtor or to assert or enforce claims against
> the debtor's prepetition property or estate property.  But, by its express
> terms, the only entity to which the § 362 stay applies is the debtor.  As
> such, it may not be extended to third parties such as the [d]ebtor's co-
> guarantors.

*In re Nat'l Staffing Servs., LLC*, 338 B.R. 35, 36-37 (Bankr. N.D. Ohio 2005).

Earlier circuit court decisions are in line with this interpretation.  *See, e.g.*,
*Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983) ("It
is universally acknowledged that an automatic stay of proceeding accorded by §

3

362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.") (collecting cases); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." (internal footnote omitted)).

"Some courts have held that the debtor's stay may be extended to non-bankrupt parties in unusual circumstances." *Patton*, 8 F.3d at 349 (cleaned up). Examples of unusual circumstances "include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization." *Id.* But the Sixth Circuit has cautioned that "such extensions, although referred to as extensions of the automatic stay, were in fact *injunctions* issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* (emphasis added). The Sixth Circuit explained that "[e]ven if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Id.*; *see also In re Nat'l Staffing Servs.*, 338 B.R. at 37 ("The authority to take this action, however, is found not in § 362; rather, it is derived from the bankruptcy court's equity jurisdiction as contained in 11 U.S.C. § 105(a).").

4

The order from Wellpath's bankruptcy proceeding does not cite 11 U.S.C. §

105(a) and does not set forth the preliminary-injunction factors or contain any

analysis on the subject.  The phrase "preliminary injunction" is in fact nowhere to

be found.  A court must consider four factors before granting a preliminary

injunction: (1) the likelihood of success on the merits, (2) the danger of irreparable

injury, (3) whether the potential irreparable injury outweighs the harm to the non-

debtors, and (4) the public interest.  *See, e.g.*, *In re Sahene Constr., LLC*, No. 23-

10096, 2023 WL 3010073, at *3 (Bankr. M.D. La. Apr. 19, 2023) (analyzing the

four factors following a request to stay civil litigation as to non-debtor defendants);

*In re Nat. Century Fin. Enters., Inc.*, 423 F.3d 567, 579 (6th Cir. 2005) (explaining

that "when the bankruptcy court enjoins an action under § 105(a) [it] must it

consider the four preliminary injunction factors, and apply a standard of clear and

convincing evidence").

In *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course

Ass'n*, No. 108CV1430HSOJMR, 2010 WL 972248, at *2 (S.D. Miss. Mar. 12,

2010), a court found under similar circumstances that "[i]t does not appear from

the record in this case that such an [injunctive] order has been obtained from the

bankruptcy court before which Debtor Defendant's bankruptcy is pending.  The

party seeking the section 105 stay bears the burden of requesting it and the

persuasion on the merits."  The same is true here; no preliminary injunction has

been issued, and neither this Court nor the bankruptcy court can otherwise "extend" the automatic stay to non-debtor defendants.

## IV.    Conclusion

For the reasons stated above, the case will proceed against all defendants: Coleman, McCauley, and Brown.[1]  As Wellpath is not a party to this case, and its bankruptcy stay has not properly been extended to non-debtor parties, there is no issuance of a stay.

SO ORDERED.

Dated: December 3, 2024                          s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 3, 2024.

                                                 s/Dru Jennings
                                                 DRU JENNINGS
                                                 Case Manager

---

[1] On July 12, 2024, the undersigned entered a report and recommendation (R&R), recommending that defendants' motion for summary judgment on the basis of exhaustion be granted in part and denied in part.  (ECF No. 19).  The R&R also noted that if the recommendation is adopted, the case would continue and a scheduling order would enter for merits based discovery on the exhausted claims. (*Id.*).