UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID FRANKLIN MCNEES, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>RICKEY COLEMAN et al.,<br><br>    Defendants. | Case No. 24-10209<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ADOPTING REPORT AND RECOMMENDATION [33] AND GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [29]**

David Franklin McNees, Jr., who is currently incarcerated at Saginaw Correctional Facility, alleges that four healthcare providers there (Dr. Rickey Coleman, health unit manager Susan McCauley, and nurse practitioners Laura Brown and Alicia Sullivan) have ignored and mistreated his left and right knee pain since 2022 in violation of his Eighth Amendment rights. He brought this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 in January of 2024 seeking monetary and injunctive relief. (ECF No. 1.) All pretrial matters were referred to Magistrate Judge Kimberly G. Altman. (ECF No. 8.) On October 8, 2025, Judge Altman issued a report and recommendation (ECF No. 33) to grant McNees' motion to supplement his complaint and deny McNees' motion for a temporary restraining order (ECF No. 29).[1]

---

[1] Judge Altman has also issued a report and recommendation (ECF No. 19) to grant in part the motion for summary judgment brought by Coleman, Brown, and Sullivan (the "Wellpath Defendants") (ECF No. 12). The Court will address that report and recommendation in a separate opinion.

As to the former, Judge Altman reasoned that it would not be futile for McNees to supplement his complaint with allegations about his recent medical treatment by Defendants—that McNees' supplemental allegations concerning recent mistreatment of his knee could state a claim of deliberate indifference in violation of the Eighth Amendment and that his supplemental allegations about the cancellation of his scheduled knee surgery could state a claim of retaliation in violation of the First Amendment. (ECF No. 33, PageID.360–361.) Judge Altman also recommended denying McNees' request for two forms of injunctive relief, reasoning that (1) the Court lacks jurisdiction to order non-parties to provide certain care (*id.* at PageID.361) and (2) "[a]s for McNees' request that Dr. Coleman no longer be involved in his care, McNees has not supported his allegations about Dr. Coleman's care with any evidence and has not addressed any of the four factors for granting a TRO" (*id.* at PageID.361–362).

At the conclusion of her report and recommendation, Judge Altman notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.364–365.) Since McNees was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule also applies, so McNees' objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period, and allowing some time for the Court to receive

2

objections that McNees may have mailed, it has now been over a month since the report and recommendation was served. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that, "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has held that this procedural default rule does not violate either the Federal Magistrates Act or the federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of Judge Altman's report and recommendation and accepts the recommended disposition. (ECF No. 33.) It follows that McNees' motion to supplement (ECF No. 29) is GRANTED and his motion for a temporary restraining order (ECF No. 29) is DENIED.

SO ORDERED.

Dated: November 10, 2025

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE