UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FRANKLIN MCNEES, JR.,

    Plaintiff,

v.

RICKEY COLEMAN et al.,

    Defendants.

Case No. 24-10209
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

---

**ORDER OVERRULING DEFENDANTS' OBJECTIONS [20] AND
ADOPTING REPORT AND RECOMMENDATION [19] TO GRANT IN
PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT [12]**

---

David Franklin McNees, Jr. alleges that four healthcare providers at the Saginaw Correctional Facility (Dr. Rickey Coleman, health unit manager Susan McCauley, and nurse practitioners Laura Brown and Alicia Sullivan) ignored and mistreated his left and right knee pain since 2022 in violation of his Eighth Amendment rights. He brought this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 seeking monetary and injunctive relief. (ECF No. 1.) All pretrial matters were referred to Magistrate Judge Kimberly G. Altman. (ECF No. 8.) Judge Altman issued a Report and Recommendation (ECF No. 19) to grant in part and deny in part the moving[1] defendants' motion for summary judgment on exhaustion grounds, which is now before the Court.

---

[1] Defendant McCauley, represented by separate counsel (ECF No. 14), did not join the motion.

At the conclusion of her Report and Recommendation, Judge Altman notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 19, PageID.157–158.) The moving defendants filed two objections (ECF No. 20), to which McNees responded (ECF No. 21). McNees did not file any objections.

The motion is fully briefed (ECF Nos. 12, 16, 18), so the Court will decide it without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court OVERRULES the moving defendants' objections (ECF No. 20), ADOPTS the Report and Recommendation (ECF No. 19), and GRANTS IN PART and DENIES IN PART the moving defendants' motion for summary judgment (ECF No. 12).

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review unobjected-to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's

attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

"To properly object to a magistrate judge's report and recommendation, however, the objecting party must do more than simply restate the arguments set forth in that party's motion for summary judgment." *Walton v. Unum Life Ins. Co. of Am.*, No. 16-12518, 2017 WL 4161109, at *1 (E.D. Mich. Sept. 20, 2017); *Owens v. Comm'r of Soc. Sec.*, 13-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (explaining that "objections" that simply rehash the arguments presented to and rejected by the magistrate judge "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.").

## II.

The main dispute at this stage in the litigation is whether McNees properly exhausted his administrative remedies in accordance with the Prison Litigation Reform Act (PLRA). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 204 (2007). The Michigan Department of Corrections (MDOC) "has established a three-step process to review and resolve prisoner grievances." (ECF No. 19, PageID.149.) Relevant here, Step I of the grievance, which must be completed "within five business days after the grievant attempted to resolve the issue," requires the grievant address "the facts involving the issue being grieved (i.e., who, what, when, where, why, how)." (*Id.* (citing MDOC PD 03.02.130 ¶¶ S, Q).)

3

The moving defendants say McNees did not exhaust his claims. (*See generally* ECF No. 12.) Judge Altman mostly disagreed. She found that "the allegations occurring on September 28, 2023, October 17, 2023, and October 23, 2023, have not been exhausted," but that "[t]he remaining allegations should be considered exhausted, and no defendant should be dismissed at this stage." (ECF No. 19, PageID.145.)

The moving defendants object to the Report & Recommendation on two grounds. They first assert that Judge Altman "improperly concluded that the five-day business window [for Step I on McNee's first grievance] does not start until after the attempted resolution date." (ECF No. 20, PageID.161.) And they also contend that Judge Altman "improperly concluded [that] Grievance 0708 exhausted Plaintiff's claims against Defendants Brown and Sullivan." (*Id.* at PageID.164.) The Court will address each objection in turn.

**A.**

Start with the five-day window. The moving defendants argue that the day that triggers that timeframe should be *included* within the five-day window. (ECF No. 20, PageID.161.) To support that position, the moving defendants quote the relevant policy, which, they observe, "does not state that the day the inmate attempts to resolve the grievance does not count as one of the five business days." (*Id.* (citing Michigan Department of Correction Policy Directive ¶ Q).) For starters, they cite *no* authority to support their reasoning-by-omission. And for good reason. Judge Altman cited several cases—including within the MDOC grievance context—that computed

deadlines to *exclude* the day of the event that triggers the beginning of a time period. (ECF No. 19, PageID.151 ("[T]he correct way to count days regarding a filing deadline is to start with the following day.") (citing cases).) Judge Altman's recitation of the case law comports with the Federal Rules of Civil Procedure, which also "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A); *see also id.* at 6(a) (applying that rule broadly to "any time period specified in [the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute that does not specify a method of computing time."). The Court thus sees no error in Judge Altman's finding that "[t]he first day of the time period starts the day after the attempted resolution date." (ECF No. 19, PageID.151.) The moving defendants' objection to the contrary is overruled.

**B.**

Now to exhaustion of Grievance 0708. The moving defendants object to  Judge Altman's conclusion that McNees exhausted his claims against Defendants Brown and Sullivan. (ECF No. 20, PageID.164–166.)

**1.**

Starting with Brown, the moving defendants contend that "[t]here are no allegations [in the complaint] against Defendant Brown stemming from September 2, 2023, or her refusal to respond to [messages]," so "[t]here is nothing in Grievance 0708 that would put officials on notice that Defendant Brown was not providing proper care." (ECF No. 20, PageID.165–166.) But they raised that argument in their motion for summary judgment. (*See* ECF No. 12, PageID.51 (advancing only one

argument on this point that "Grievance 0708 does not exhaust any claims against Defendant Brown as Plaintiff does not allege in his Complaint that she ignored his [messages].").) And Judge Altman considered—and rejected—it:

> The moving defendants argue that [Grievance 0708] does not exhaust any claims against Brown because McNees has not alleged anywhere in his complaint that Brown ignored his kites . . . The issue that McNees grieved was not just the fact that his kites were ignored, but that he was not receiving treatment for his knee pain. Thus, defendants had 'fair notice' of McNees' claims such that they should be deemed exhausted.

(ECF No. 12, PageID.52.) This Court need not visit it once more as the objection fails to point out any error. So this objection is overruled. *See Owens*, 2013 WL 1304470, at *3.

## 2.

Next, Defendants contend that any claim against Sullivan is not exhausted because McNees' grievance was not specifically made against her. (*See* ECF No. 20, PageID.166.) As they argued in their summary judgment motion:

> [P]roper exhaustion requires the Plaintiff to have grieved the specific issues raised in his lawsuit. Plaintiff did not file <u>any</u> grievances on the following claims raised in his lawsuit: Defendant Sullivan improperly administering a steroid injection injuring his tendon/nerve on June 28, 2023…Therefore, such claims listed in the lawsuit but never even grieved must be dismissed….

(ECF No. 12, PageID.53.) (emphasis in original) (citations omitted). And once again, Judge Altman rejected it. (ECF No. 19, PageID.156 ("As to Sullivan, McNees' Step 1 [Grievance 0708] states '[o]n June [2]8, 2023, a steroid shot was administered to my right knee. When this occurred NP Sullivan hit something she shouldn't have[.] I complained about it in early July.' McNees therefore clearly grieved the issue of

Sullivan improperly administering a steroid shot that injured his nerve/tendon.").) (citation omitted).

Putting the recycled argument to the side, the moving defendants assert that even if McNees "did in fact name Defendant Sullivan in his grievance," he still "violates MDOC Policy Directive 03.02.130 as it would be untimely" for him to raise the issue. (ECF No. 20, PageID.166.) But the moving defendants cannot now bring a new argument that they did not advance before Judge Altman. *See Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) ("Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R.") (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). So whether because it is a recycled argument that points out no error in Judge Altman's ruling or one improperly asserted for the first time before this Court, this objection is overruled.

### III.

In sum, the Court finds that Judge Altman's factual conclusions are reasonable, that she appropriately applied the correct law, and that her reasoning is sound. For those reasons and those described above, the Court OVERRULES the moving defendants' objections (ECF No. 20), ADOPTS the Report and Recommendation (ECF No. 19), and GRANTS IN PART and DENIES IN PART the moving defendants' motion for summary judgment on exhaustion grounds (ECF No. 12). In particular, McNees' allegations regarding September 28, 2023, October 17,

2023, and October 23, 2023, have not been exhausted, but his remaining allegations have been exhausted and may proceed. (*See* ECF No. 19, PageID.145.)

IT IS SO ORDERED.

Dated: March 5, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE